787 F.2d 1014
 122 L.R.R.M. (BNA) 2419, 104 Lab.Cas. P 11,939
 J.C. FARR and Glendell Green, et al., Plaintiffs-Appellees
Cross-Appellants,
v.
H.K. PORTER COMPANY, INC., Defendant-Cross-Appellee,
and
Aluminum, Brick and Clay Workers of America, AFL-CIO,
Defendant-Appellant Cross-Appellee.
 No. 85-4634.
 United States Court of Appeals,
Fifth Circuit.
 April 23, 1986.
 
 Robert H. Urann, Gardner, Robein & Healey, Metairie, La., for defendant-appellant cross-appellee.
 John G. Corlew, Jackson, Miss., Ramsom P. Jones, III, Pascagoula, Miss., for J.C. Farr.
 Peyton S. Irby, Jr., Thomas Roe Frazer, II, Jackson, Miss., for H.K. Porter.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before CLARK, Chief Judge, JOLLY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Based upon DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 76 L.Ed.2d 476 (1983), in an earlier appeal this court stated in pertinent part:
 
 
 2
 A determination that the six-month period had elapsed prior to the time suit was filed in April 1974 would therefore bar the plaintiffs from further asserting these claims against Porter and the International Union.
 
 
 3
 ... [T]he parties have neither briefed nor argued factual questions such as when the "injury" actually occurred and when the plaintiffs became aware of it for purposes of the statute of limitations. Further, we find no such factual determination in the record before us. Finally, the District Court had no occasion to consider any legal defenses to the running of the six-month period.
 
 
 4
 The judgment of the District Court is therefore vacated and remanded for a determination in accordance with this opinion. If the District Court finds as a matter of law or a matter of fact that the period of limitations had expired at the time the suit was filed, the Court is instructed to enter judgment in favor of the Union and H.K. Porter.
 
 
 5
 Farr v. H.K. Porter Co., 727 F.2d 502, 505-06 (5th Cir.1984) (footnotes omitted). Plaintiffs did not seek by rehearing or modification of the opinion to raise the question of whether this express direction to the district court was appropriate in light of the failure of defendants to plead the statute of limitations as an affirmative defense.
 
 
 6
 On remand the district court examined the record and found it clearly demonstrated that plaintiffs' action had accrued well before the April 19, 1974, filing date of the suit in the court below. Rather than then complying with the instructions of this court to enter judgment in favor of the Union and H.K. Porter, the district court proceeded to hold that "for clear equitable reasons" it would not allow the defendants to amend to plead the defense of the statute of limitations. Based upon its equitable conclusion that the defendants should not be granted leave to amend, the district court determined to reinstate the original judgment.
 
 
 7
 This procedure ignored the instructions contained in the panel's mandate which limited the district court on remand to an examination into the factual and legal bases which could affect the running of the statute of limitations. When the district court went beyond these instructions to appraise the equities concerning the failure to plead the statute, it erred. This procedure was contrary to the law of the case established on the prior appeal. The judgment appealed from is vacated and the case is remanded to the district court with directions to dismiss plaintiffs' action at plaintiffs' cost.
 
 
 8
 VACATED AND REMANDED WITH DIRECTIONS.